J. T. Shields, Sp. J.,
delivered tbe opinion of the Court.
This is an action upon an account, commenced before a Justice of the Peace, who gave judgment in favor of the defendant in error, from which an appeal was prosecuted to the Circuit Court of Sullivan county, where the cause was again tried, and again resulted in a judgment in favor of the defendant in error, from which the defendant below prosecutes this appeal in the nature of a writ of error.
It is insisted that the judgment should be reversed on the facts; but on a careful reading of the evidence, as it appears in the bill of exceptions, we have arrived at a different conclusion. The instructions of the Court were in all things correct, as is expressly conceded; *353 there is much testimony on both sides of the question, conflicting in its character, and some of the witnesses are impeached; and as the credit due to the witnesses, and the preponderance of their evidence, which can not be properly said to be very great on either side, were questions fairly submitted to the jury, and decided by them, we can not disturb the judgment of the Court below on this ground.
An error is insisted upon, which we regret is so clear that we are under the necessity of reversing the judgment and remanding this small cause for another trial.
Certain depositions were taken by the defendant in error, which were read on the trial before the Justice of the Peace.
These depositions were filed with the other papers in the cause in the Circuit Court, whereupon the plaintiff in error excepted to them on various grounds. The exceptions were allowed by the Clerk, from whose decision no appeal was taken to the Court, nor were any steps taken to cure or correct the alleged defects. But in the progress of the trial the plaintiff below offered to read these depositions, to which the plaintiff in error objected, on the ground that the Clerk’s decision remained in full force and effect, and that it was now after the trial had commenced, too late to have it reversed. The objection was overruled, the judgment of the Clerk reversed by the Court, and the depositions allowed to be read to the jury.
. This was error. It was too late to call the action of the Clerk in question, after the trial had commenced. Code, 3869. We regard the statute as clearly requir *354 ,-ing an aq>peal to the Court to be taken, and a decision made before the cause is heard or tried, else it can not be done at all. There is sound reason for these statutory rules. They prevent surprise in the admission or rejection of evidence, which is a matter of the first importance, and tend to secure fair trials on the merits, and to protect parties against the consequences of those little slips, accidents and omissions, which, to some extent, are unavoidable in legal proceedings, but which go not to the merits or justice of the cause in which they occur.
We reverse the judgment, and remand the cause for another trial.